[NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 02-1187

DONALD L. MARTIN,

Plaintiff, Appellant,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Lipez, Circuit Judges.

Donald L. Martin on brief for appellant.
Thomas P. Colantuono, United States Attorney, David L.
Broderick, Assistant United States Attorney, Robert J. Triba,
Regional Chief Counsel, and Joseph E. Dunn, Assistant Regional
Counsel, Social Security Administration, on brief for appellee.

October 18, 2002

**Per Curiam**.  Claimant Donald L. Martin appeals the denial of his application for disability benefits by the Commissioner of Social Security.  After carefully reviewing the parties' briefs and the record, we find that there is conflicting evidence in the record concerning the impact of claimant's mental impairments on his ability to engage in work-related activities.  Such conflicts are for the Commissioner to resolve, not the courts.  See Rodriguez v. Secretary of Health and Human Services, 647 F.2d 218, 222 (1st Cir. 1981).

In particular, the residual functional capacity assessments completed during the relevant time period (prior to the expiration of claimant's insured status on December 31, 1998) fully support the hypothetical that the administrative law judge (ALJ) posed to the vocational expert (VE).  Based on this hypothetical, the VE listed specific jobs in the national economy which claimant could perform.  Claimant's arguments that the ALJ interpreted raw medical data, ignored the diagnosis of Dr. Jenkusky, gave undue weight to the opinions of social worker John Moran, and did not fully consider all of claimant's impairments simply are without merit.

Claimant's other arguments also fail.  First, the district court had no jurisdiction to review the denial of benefits which had occurred at the initial review.  Simply, this denial was not the "final" decision of the Commissioner.

See 42 U.S.C. § 405(g) (judicial review is limited to "any final decision of the Commissioner of Social Security made after a hearing").  See also Sims v. Apfel, 530 U.S. 103, 107 (2000) (where the Appeals Council denies review, as here, "the ALJ's opinion becomes the final decision").

Second, claimant's argument that only medical doctors are permitted to perform initial reviews is meritless.  That is, the regulations specifically state that such reviews should be performed by qualified psychologists.  See, e.g., 20 C.F.R. § 404.1615(d) (an initial decision concerning disability in a case where there is a mental impairment, "will be made only after every reasonable effort has been made to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment).  Claimant does not dispute that the two psychologists who reviewed his records were qualified.

Finally, the district court did not err in denying counsel's motion to withdraw.  That is, both sides had filed their memoranda in opposition to and in support of the Commissioner's decision when the motion was filed.  Thus, the motion arguably was late.  In any event, and contrary to claimant's position, the court did allow claimant to file pleadings, and the court did rule on these pleadings.  As a

result, claimant essentially was permitted to represent himself.

        _Affirmed_.  _See_ Local Rule 27(c).